P. F. CONNELLY, Trading as P. F. CONNELLY PAVING COMPANY, *Appellant,* v. THE SPECIAL ROAD AND BRIDGE DISTRICT No. 5, a corporation, J. W. COOPER, et al., *Appellees.*

Division B.

Opinion filed September 11, 1930.

Petition for rehearing denied October 7, 1930.

*Hampton & Bull,* for Appellant;

No appearance for Appellees.

BUFORD, J.—This case is before us on appeal from order dated May 19th, 1930, denying a petition filed by the complainant seeking to have the court vacate its decrees dated June 25, 1929, August 23, 1929, and January 29, 1930, and each of them, insofar as same relate to and affect the right of complainant to a certain fund described therein.

A final decree was entered in the case on March 30, 1929, in the following language:

"This cause coming on.to be further heard upon the bill of complaint, the joint and several answer of the defendants J. W. Cooper and Mrs. J. W. Cooper, his wife, the testimony taken by and the report of the Special Master in Chancery heretofore appointed, and the argument of solicitors for the parties complainant and defendant, and the Court upon consideration thereof, being advised of its judgment in the premises, finds that the complainant, P. F. Connelly, trading as P. F. Connelly Paving Company, has failed to sustain the material allegations of the bill of complaint by the testimony and proof offered and taken in his behalf, and that said complainant is not entitled to the relief sought by his said bill of complaint, or to any relief thereunder, and that the equities of this cause are with the defendants J. W. Cooper and Mrs. J. W. Cooper, his wife.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:

"1. That the said bill of complaint be and the same is hereby dismissed;

"2. That the injunction issued in this cause on January 25, A. D. 1928, restraining and enjoining said defendants from removing or withdrawing certain money deposited in the Citizens Bank & Trust Company in Tampa, Florida, under the terms of a stipulation signed and filed herein on February 3, 1928, by the solicitors for the parties complainant and defendant. in this cause, and others, be and the same is hereby dissolved so far as the injunction issued in this cause affects the same, but said money shall be held by said. Citizens Bank & Trust Company subject to the further order of this Court to be made in that certain cause.

pending in this Court, wherein W. R. Furr, Jr., is complainant, and J. W. Cooper is defendant, in which cause a temporary injunction was issued by this Court on January 19, A. D. 1928, and filed for record and recorded in Chancery Order Book 62, page 243, in the office of the Clerk of the Circuit Court of Hillsborough County, Florida;

"3. That the complainant pay the costs of this proceeding, to be taxed by the Clerk of this Court.

"DONE AND ORDERED in chambers, at Tampa, Florida, this 30th day of March, A. D. 1929.

L. L. PARKS,<br>Judge."

On April 15th the complainant in the court below filed its notice of appeal from final decree which was recorded in Chancery Order Book 95, page 405.

It will be observed that the appeal was from a final decree dissolving an injunction. No application was made under the provisions of Section 3170, Rev. Gen. Stats., 4962 Comp. Gen. Laws 1927, to the Supreme Court, or any Justice thereof, for an order of supersedeas. Neither was any order of supersedeas made. Therefore, there was no supersedeas of the final decree appealed from. The subsequent orders made by the chancellor, and which constitute the subject of the instant appeal, were made subsequent to the filing and recording of the notice of the appeal of April 15, 1929.

It is the contention of the appellant that because he filed what he terms a supersedeas bond after the entry of the final decree and upon the entry of his appeal from the final decree that the chancellor was without jurisdiction to make and enter subsequent orders relative to the funds involved in that suit.

The entry of the appeal, together with the filing of the so-called supersedeas bond, did not operate as a supersedeas

of the final decree because the final decree dissolved an injunction in which case it was necessary to procure an order of supersedeas of this Court, or of a Justice of this Court. There being no supersedeas of the final decree, the Chancellor retained jurisdiction to make such further orders in the premises as he might deem proper and in accordance with law and rules of practice and procedure.

There appearing in the record no reversible error, the order of the chancellor should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., and STRUM, J., concur.

TERRELL, C. J., concurs in the opinion and judgment.